Kathryn J. Fritz (SBN 148200)
Rachael G. Samberg (SBN 223694)
FENWICK & WEST LLP
275 Battery Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
E-mail: kfritz@fenwick.com

Karen P. Anderson (SBN 193618)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
E-mail: kanderson@fenwick.com

Attorneys for Plaintiff and Counterclaim
Defendant PROTEGO NETWORKS, INC.,
now Protego Networks LLC, and Counterclaim
Defendants PARTHA BHATTACHARYA,
IMIN LEE & YU LIAO

Kim Zeldin (SBN 135780)
Ronald S. Kravitz (SBN 129704)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
Telephone: (415) 489-7700
Facsimile: (415) 489-7701
E-Mail: kzeldin@linerlaw.com

JoAnna M. Esty (SBN 147903)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
E-Mail: jesty@linerlaw.com

Howard G. Silverman (*pro hac vice*
application pending)
Vincent C. Cataldo (*pro hac vice* application
pending)
KANE AND SILVERMAN P.C.
The Philadelphian
2401 Pennsylvania Avenue Suite 1c-44
Philadelphia, PA 19130
Telephone: (215) 232-1000
Facsimile: (215) 232-0181
E-Mail: hgs@palegaladvice.com,
vcc@palegaladvice.com

Attorneys for Defendant and Counterclaimant
DANIEL N. ZENCHELSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROTEGO NETWORKS, INC., a Delaware corporation,<br><br>               Plaintiff,<br>   v.<br><br>DANIEL N. ZENCHELSKY,<br><br>               Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. C05-00464 MJJ<br><br>**STIPULATION AND** ~~**PROPOSED**~~ **ORDER FOR THE PROTECTION OF CONFIDENTIAL AND PROPRIETARY INFORMATION AND MATERIAL**<br><br>GRANTED<br><br>Complaint Filed: February 1, 2005 |

1    Pursuant to Federal Rule of Civil Procedure 26 and this Court's Local Rules, in order to
2 protect the confidentiality of, and the rights to, information and documents developed and
3 disclosed in connection with this litigation, and to facilitate discovery by and among the parties to
4 this action and from third parties, the parties to this Stipulation (the "Parties") hereby stipulate
5 and request the Court to order that the following Order for the Protection of Confidential and
6 Proprietary Information and Material ("Order") be issued in this action:
7    1.   This Order shall be applicable to, and govern without limitation, all information,
8 things or documents (or portions thereof) produced in response to discovery requests, subpoenas,
9 answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, stipulations,
10 responses to requests for admission and all other discovery taken, testimony adduced at trial,
11 matters in evidence before this Court and other information that a party, or a non-party
12 responding to a subpoena, reasonably and in good faith believes to contain trade secrets or other
13 confidential, proprietary, technical or commercial information that any party or third party
14 disclosing the information ("Designating Party") designates as "CONFIDENTIAL" or "HIGHLY
15 CONFIDENTIAL – ATTORNEYS' EYES ONLY," that thereafter is furnished, filed or served
16 directly or indirectly, by or on behalf of that party or third party in connection with this
17 proceeding. The treatment of all documents and other information so designated (collectively
18 referred to as "Confidential Material") shall be governed by the terms of this Order.
19    2.   "Confidential Material" shall be interpreted to encompass any confidential,
20 proprietary or otherwise sensitive information as to which the Designating Party customarily
21 takes steps to limit or prevent its disclosure or misuse, including trade secrets as defined under
22 California Civil Code § 3426.1(d) and applicable case law; non-public patent applications; other
23 confidential and proprietary technical, research, or development information; commercial,
24 financial, budgeting and/or accounting information; information about existing and potential
25 customers, marketing and branding studies, performance and projections, business strategies,
26 decisions and/or negotiations, and/or pricing; and confidential and proprietary information about
27 affiliates, parents, subsidiaries, and third parties with whom the parties to this action have had
28 business relationships. The scope of this Order shall be understood to encompass not only those

items or things that are expressly designated as Confidential Material, but also any information derived therefrom and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

3. Designation of Confidential Material

   a. A party or third party may designate as "CONFIDENTIAL" any non-public material that it supplies, discloses, produces, files or uses in connection with this proceeding and that it does not wish to be disclosed to the public.

   b. A party or third party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any non-public material that it supplies, discloses, produces or uses in connection with this proceeding when it has a good-faith belief that the disclosure of such material to the adverse party may have a material adverse effect on the Designating Party.

4. Confidential Material shall be designated and marked as follows:

   a. *Documents:* Documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as Confidential Material by placing the following legend, or equivalent thereof, on any such document prior to production, service or filing: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such legend shall be placed upon the first page of each document containing Confidential Material and upon each page within such document considered to contain Confidential Material.

   b. *Magnetic, Optical Media and Other Electronic Documents:* Where a document is produced in a magnetic, optical media or other electronic form (such as floppy diskette, tape, CD-ROM, DVD or flash memory), the cartridge, reel, CD-ROM, DVD or medium container shall be marked with the appropriate confidentiality notice as described in Paragraph 3 above. To the extent that any information contained on such media is printed, such printouts will be marked as described in Paragraph 4.a. above.

   c. *Physical Exhibits:* The confidential status of a physical exhibit shall be indicated by stamping or placing a label on said physical exhibit designating it either a

"CONFIDENTIAL MATERIAL OF [Designating Party(s)]" or "HIGHLY CONFIDENTIAL MATERIAL OF [Designating Party(s)], ATTORNEYS' EYES ONLY."

        d.    *Partial Designations*: In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate legend shall be placed on the answer or response and such answers or responses shall be separately produced.

        e.    *Deposition Proceedings*: Designation of specific portions of deposition transcripts (including specific exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be made by a statement to such effect on the record in the course of the deposition or by subsequent written notification to all parties within twenty (20) days of the conclusion of the deposition. Upon designation of the transcript on the record, during the deposition, the portion of the deposition containing Confidential Material shall continue in the absence of all persons to whom access to said Confidential Material has been denied under the terms of this Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain confidential information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Order. In the event that no portion of the deposition is designated Confidential at the deposition, the transcripts shall nevertheless be treated, temporarily, as "HIGHLY CONFIDENTIAL MATERIAL OF [Designating Party(s)], ATTORNEYS' EYES ONLY" until the 20-day period after the conclusion of the deposition has elapsed, or there is a designation within that period. In the case of testimony designated Confidential following conclusion of the deposition, all parties shall mark the appropriate legend on their copy(ies) of the deposition transcript and treat the information as confidential from the date they are notified of such designation, if the reporter does not do so.

    5.    Confidential Material may be disclosed only as follows:

        a.    Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

     i. In-house Counsel for Plaintiff and Counterclaim Defendants (designated in Exhibit B to this Order) and outside counsel of record to any party to this litigation, and all legal assistants, stenographic and clerical employees working under the supervision of such counsel;

     ii. The parties' independent expert(s) or consultant(s), but only to the extent that the procedure set forth in Paragraph 5.c., below, is followed;

     iii. Any person of whom testimony is taken, where such person was the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials except as may be necessary as an exhibit to a deposition; and

     iv. The Court in this proceeding, or in any proceeding between one or more of the Parties to this action relating to, or deriving from the '763 patent application, its subject matter or the copyrighted materials attached to Zenchelsky's Second Amended Counterclaim, under seal in accordance with Local Rule 79-5 and Paragraph 12 herein.

  b. Materials designated "CONFIDENTIAL" may be revealed to the persons designated in Paragraph 5.a., above, as well as to:

     i. Any named party to the litigation, including any present officer, director, or employee thereof, including in-house counsel, to whom it is necessary that the designated material be shown for purposes of the litigation, and as to whom the Designating Party has given its prior consent through the procedures herein that the designated material may be so disclosed, which consent will not be unreasonably withheld; and

     ii. Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

  c. Prior to the disclosure of any "CONFIDENTIAL" material to an independent expert or consultant, the disclosing party must follow the following procedure: (i) The expert must agree to be bound by the terms of this Protective Order and sign an

1  Acknowledgement of and Agreement To Be Bound by Order for the Protection of Confidential
2  and Proprietary Information and Material in the form attached as Exhibit A
3  ("ACKNOWLEDGEMENT"); (ii) the party seeking to disclose the Confidential Material must
4  give notice of the identity (including name, address, current resume, and professional affiliation)
5  of such expert or consultant to the Designating Party. In any event, material designated
6  "CONFIDENTIAL" shall be disclosed to an expert or consultant <u>only</u> to the extent necessary for
7  the expert or consultant to perform his or her work in connection with the litigation.
8         d.    Prior to the disclosure of any "HIGHLY CONFIDENTIAL –
9  ATTORNEYS' EYES ONLY" material to an independent expert or consultant, the disclosing
10  party must follow the following procedure: (i) The expert must agree to be bound by the terms of
11  this Protective Order and sign an ACKNOWLEDGMENT; (ii) the party seeking to disclose the
12  Confidential Material must give notice of the identity (including name, address, current resume,
13  and professional affiliation) of such expert or consultant to the Designating Party at least five
14  (5) business days in advance of the proposed disclosure; (iii) the Designating Party shall have five
15  (5) business days to object in writing to such disclosure; and (iv) if the Designating Party objects
16  in writing to such disclosure, no disclosure shall be made in the absence of a court order or
17  agreement of the parties. In any event, material designated "HIGHLY CONFIDENTIAL –
18  ATTORNEYS' EYES ONLY" shall be disclosed to an expert or consultant <u>only</u> to the extent
19  necessary for the expert or consultant to perform his or her work in connection with the litigation.
20         6.    Where the consent of a party is required for disclosure under this Order, and that
21  consent has been refused, the party refusing to consent will ensure that it has made a good faith
22  attempt to reach an agreement, including redacting or otherwise limiting the disclosure wherever
23  possible.
24         7.    All persons who receive Confidential Material, except for personnel of the Court
25  and counsel of record for the parties, shall be provided with a copy of this Order and shall first
26  acknowledge in writing that they have reviewed the terms of this Order and agree to abide by the
27  terms of this Order by executing an ACKNOWLEDGMENT. Such signed
28  ACKNOWLEDGMENTS shall be retained by counsel for the parties hereto and shall be

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER      5     CASE NO. C05-00464 MJJ

available for inspection by the Court upon request. Similar ACKNOWLEDGMENTS shall be obtained and maintained with respect to "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials provided by third parties.

8.  All persons who receive Confidential Material shall not use or disclose to any person, at any time, such materials, or information contained therein, except in conformance with this Order.

9.  All persons who receive Confidential Material agree to be subject to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order. (*)

10. All persons who receive Confidential Material shall maintain such information and materials in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

11. All persons who receive Confidential Material shall not copy, reproduce, or otherwise duplicate any such information and materials, except as provided herein, and as may be necessary for the work the recipient does in conjunction with this lawsuit.

12. Confidential Material shall not be made available to any person except as authorized under this Order. Confidential Material shall not be used for any purposes other than in the prosecution or defense of claims asserted in this action, or in any proceeding between one or more of the Parties to this action relating to, or deriving from the '763 patent application, its subject matter or the copyrighted materials attached to Zenchelsky's Second Amended Counterclaim. In no event shall any person receiving Confidential Material use it for commercial or competitive purposes or make any public disclosure of the contents thereof. However, nothing contained in this Order shall affect the right of the Designating Party to disclose information designated solely by it under this Order.

13. Objections to the designation of Confidential Material will occur only as follows:

    a.  If a party believes that material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to

STIPULATION AND [PROPOSED] PROTECTIVE ORDER       6       CASE NO. C05-00464 MJJ

(*) The Court shall retain jurisdiction to enforce the terms of this order for 6 months after final termination of the action.

have access to such material under the terms of this Order, then the objecting party shall object in writing to the Designating Party. The parties shall first try to resolve the dispute in good faith on an informal basis.

   b.  If the parties are unable to resolve their dispute, then the party challenging the designation may request appropriate relief from the Court. It shall be the burden of the Designating Party to establish that the contested material is to be treated according to its designation under this Order. Unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise in writing, the material involved shall be treated according to its designation.

  14. Submission of Confidential Material to the Court shall only be as follows:

   a.  A party who lodges or files any paper, pleading or exhibit containing, discussing, describing or constituting Confidential Material, or any documents or papers filed in opposition or reply to any sealed motion or document that discusses, describes or quotes any portion of the contents of such Confidential Material, shall submit such material to the Court in compliance with Local Rule 79-5. The parties understand that pursuant to Local Rule 79-5, they may not attempt to seal entire pleadings or memoranda required to be filed pursuant to the Federal Rules of Civil Procedure or these Local Rules. The parties agree, however, that the actual underlying documents, specific portions of the deposition transcripts, or other exhibits submitted in support of their pleadings or memoranda, to the extent that such materials have been designated Confidential Material, shall be filed under seal pursuant to the terms of this Protective Order. The parties further agree, to the extent that their pleadings or memoranda quote from, describe or make specific reference to Confidential Material so as to reveal the contents of such Confidential Material, that they will clearly designate their pleadings as containing such Confidential Material and will submit both a "public" and a "private" version of such pleading or memoranda to the Court. The public version will have had redacted from it the quotes or other specific references to such Confidential Material and will be clearly designated "REDACTED NON-CONFIDENTIAL VERSION." The private version shall be complete and unredacted and shall be submitted to the Court under seal pursuant to an application and proposed Order that

authorizes the sealing of those specific pages or portions thereof of the particular pleading or memoranda which contain the information requiring confidentiality. All other portions of such pleadings or memoranda shall be included in the public file.

    b.  Such Confidential Material shall be lodged in sealed envelopes or other appropriate sealed containers on which shall be the information required by Local Rule 79-5(c), including the title of this action, an indication of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL MATERIAL" and the following statement: **"This envelope is sealed pursuant to order of the Court, contains Confidential Information and is not to be opened or the contents revealed except by order of the Court."** A copy of this order shall be submitted with the lodged materials. The clerk shall then file the information under seal in accordance with Local Rule 79-5(b). Any papers containing confidential information shall be returned to the submitting party upon dismissal or final judgment in this action and the exhaustion of all appeals. To the extent that such information is referenced or described in a hearing in this Court, the Court shall, in its discretion, conduct the hearing *in camera*, and said transcripts and proceeding shall be sealed (and kept under seal until further order of the Court). All documents, exhibits or papers filed in connection with any proceedings related to compliance with, performance under, construction of, or violation of this Protective Order, shall be filed under seal.

    c.  Nothing herein shall prevent the use of Confidential Material at trial, nor shall it prevent any party from objecting to such use. However, if a party receiving Confidential Material wishes to call it to the attention of this Court, or to direct the attention of this Court to the source thereof, whether on motion or at trial, counsel for the party shall take all necessary precautions to submit the Confidential Material or source to the Court under seal and *in camera*, and will not publicize the Confidential material by inclusion in the public record. It shall be the obligation of counsel for the party wishing to so use Confidential Material to employ the most reasonably secure procedures to avoid publication thereof through its inclusion in the public record.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

15. Adherence to this Order in no way constitutes an admission by any party that any information provided in this litigation and not subject to this Order is not proprietary or confidential.

16. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

17. None of the restrictions set forth in this Order shall apply to any information that is acquired in good faith from a third party who is not a party or an employee or former employee of a party to this action and who voluntarily supplies the information, or information that was, is, or becomes public knowledge by means not in violation of the provisions of this Order, and not involving wrongful disclosure by a third party or a party to this action.

18. Within ninety (90) days after termination of this litigation and the expiration of time for all appeals, all originals and copies of Confidential Material shall be returned to counsel for the respective persons or entities that produced such material, except that counsel for each party may, if it wishes to do so, maintain a single set of all pleadings for its own purposes for a reasonable period of time. Also within ninety (90) days after termination of this litigation and the expiration of time for all appeals, counsel for each party hereto will exchange lists of all persons who signed ACKNOWLEDGMENTS at their request. All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material, and a certificate of their destruction shall be provided to the Designating Party. The termination of proceedings in this action shall *not* thereafter relieve the parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Order.

19. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

20. The terms of this Order shall apply to confidential documents or material produced or disclosed by third parties in connection with this action if such third party wishes to designate the document or information Confidential Material.

21. Each party reserves the right to apply to the Court to modify the terms of this Order in the event that the party believes that it is necessary. In the event that such an application is made, all persons described herein shall be bound by this Order until it is modified by the Court.

22. The inadvertent production of any document or other disclosure of Confidential Material that the Designating Party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against disclosure shall not necessarily be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. Within a reasonable time after the discovery of the inadvertent production, or within thirty (30) days of receipt of a transcript in the case of a deposition, the producing party shall give notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the producing party within fifteen (15) days of such demand, unless the receiving party objects to the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, in which case the receiving party and the producing party shall attempt to resolve the dispute. If the dispute is not resolved, the producing party may move the Court for a protective order. In the event that the producing party makes such a motion, the producing party shall have the burden to demonstrate the applicability of the privilege claimed, that the production was inadvertent, that the notice given was reasonable and that otherwise no waiver occurred. From the time of the producing party's notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the

STIPULATION AND [PROPOSED] PROTECTIVE ORDER      10      CASE NO. C05-00464 MJJ

1  Court enters an order ruling otherwise, or until the receiving party and the producing party
2  otherwise agree.
3      23.    If any party or non-party receives a subpoena or other compulsory process from
4  any other person or entity seeking the production of the "CONFIDENTIAL" or "HIGHLY
5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced under this Order, counsel
6  for the Designating Party shall be notified immediately in writing of the receipt of such subpoena
7  or other compulsory process and shall be given copies of such subpoena or compulsory process.
8  Absent the consent of the Designating Party, the party or person receiving the subpoena or
9  compulsory process shall refrain from producing the subpoenaed Confidential Material for a
10 period of thirty (30) days, in order to give the designating party the opportunity to take the
11 necessary steps to prevent disclosure in the proceeding from which the process issued.
12     The Undersigned counsel for the Parties agree to be bound by the terms and conditions of
13 this Protective Order.
14 **IT IS SO STIPULATED.**
15 Dated: January 19, 2006          FENWICK & WEST LLP

By: /s/ Rachael Samberg
         Rachael G. Samberg

Attorneys for Plaintiff and Counterclaim Defendant
PROTEGO NETWORKS, INC., now Protego
Networks LLC, and Counterclaim Defendants
PARTHA BHATTACHARYA, IMIN LEE & YU
LIAO

Dated: January 23, 2006          LINER YANKELEVITZ SUNSHINE &
                                 REGENSTREIF LLP

By: /s/ Kim Zeldin by JFC
         Kim Zeldin

Attorneys for Defendant and Counterclaimant
DANIEL N. ZENCHELSKY

---

STIPULATION AND [PROPOSED]          11          CASE NO. C05-00464 MJJ
PROTECTIVE ORDER

**Pursuant to General Order 45(x)**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: _____, 2006    _____
　　　　　　　　　　　　　　　　　　　　　　Rachael G. Samberg

# [PROPOSED] ORDER

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

Dated: January 30, 2006    _____
　　　　　　　　　　　　　　　The Honorable Martin J. Jenkins
　　　　　　　　　　　　　　　United States District Court Judge

APPROVED
Judge Martin J. Jenkins