IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTEGO NETWORKS, INC. | No. C 05-0464 MJJ (MEJ) |
| Plaintiff(s), | |
| vs. | **ORDER RE: INTERROGATORIES** |
| DANIEL N. ZENCHELSKY, | |
| Defendant and Counterclaimant. / | |
| DANIEL N. ZENCHELSKY, | |
| Counterclaimant, | |
| vs. | |
| PROTEGO NETWORKS, LLC., et al., | |
| Counterdefendants(s). / | |

The Court is in receipt of the parties' joint discovery dispute letter, filed June 20, 2006. Doc. #92. In the letter, plaintiff and counterdefendant Protego Networks, LLC ("Protego") asks the Court to compel defendant and counterclaimant Daniel Zenchelsky to provide further interrogatory responses. According to the letter, for approximately two months in 2002, Zenchelsky was a member of a working group of engineers that evolved into Protego. In December 2004, Cisco announced its intention to purchase Protego for $65 million. Claiming an ownership interest in

1  Protego and its intellectual property, Zenchelsky's current claims include misappropriation of

2  scientific ideas, conversion, copyright infringement, and correction of inventorship.

3  On March 30, 2006, Protego propounded interrogatories asking Zenchelsky to specify what

4  he claims to have invented and what he did during his time with the working group.  In his

5  responses, Zenchelsky provides written answers and also states that "[t]he facts and ideas responsive

6  to this request are described more fully in documents produced by Zenchelsky . . .."  Protego argues

7  that this statement fails to meet the requirements of FRCP 33(d).  In response, Zenchelsky argues

8  that FRCP 33(d) does not apply to his responses because the rule contemplates a responding party's

9  identification of documents *in lieu* of serving a substantive response.

10  Under FRCP 33(d), a party may respond to interrogatories by specifying documents and/or

11  records from which the answer may be derived.  However, "[a] specification shall be in sufficient

12  detail to permit the interrogatory party to locate and to identify, as readily as can the party served,

13  the records from which the answer may be ascertained."  Fed. R. Civ. P. 33(d).  Here, Zenchelsky

14  references documents without any specificity.  It is unclear how a broad reference to documents is

15  intended to provide a useful response to Protego's interrogatories, even if, as Zenchelsky states, the

16  reference is only intended to supplement his written responses.  Moreover, Zenchelsky provides no

17  authority for his argument that a broad reference to documents intended to supplement a written

18  response need not comply with FRCP 33(d).  Thus, to the extent that Zenchelsky believes that the

19  documents "more fully" respond to the interrogatories, he must comply with FRCP 33(d) and specify

20  the documents by bates number.

21  Protego also argues that Zenchelsky's responsive are vague and ultimately nonresponsive.

22  As there are five disputed interrogatories, the Court shall consider each in turn.

23  Interrogatory No. 1

24  Interrogatory No. 1 states as follows: "IDENTIFY with particularity each and every

25  'scientific idea', whether reduced to tangible form or not, that you allege was misappropriated by any

26  or all of the COUNTERCLAIM DEFENDANTS, as alleged in the Eighth Cause of Action of your

27  COUNTERCLAIM."  Joint Letter, Ex. 1.  In his response, Zenchelsky objected that the

28

2

interrogatory failed to define the term "scientific idea." Zenchelsky responded as to an "idea" for an invention "that allows one to more accurately identify network events, to correlate them to allow for assessment of network risk and to help determine whether any particular event is friend or foe." *Id.* Protego argues that it is entitled to receive a complete and specific response that identifies the "scientific ideas" that Zenchelsky claims were his ideas and were misappropriated.

Given that the term "scientific idea" is used by Zenchelsky in his eighth counterclaim, *see* Answer and Second Amended Counterclaim, Doc. #50, the Court finds his objection to the term questionable. Accordingly, Zenchelsky shall respond to Interrogatory No. 1 as the term is used in his counterclaims, in addition to the FRCP 33(d) directive above.

Interrogatory No. 2

Interrogatory No. 2 states as follows: "IDENTIFY with particularity the content of each and every idea, whether reduced to tangible form or not, that YOU allege to have contributed to the IP that YOU allege was taken, stolen, and/or misappropriated by any or all of the COUNTERCLAIM DEFENDANTS." Joint Letter, Ex. 1. Protego argues that Zenchelsky's response to Interrogatory No. 2 is deficient because it does not specify the content of the ideas that are his or that he contributed. Zenchelsky responds that the conception of the invention was joint and collaborative, rather than attributable to one person or another.

In his interrogatory response, Zenchelsky provides a summary of the NAT zones model and algorithms, and states that he invented the idea with Shigang Chen. Although Protego argues that the interrogatory seeks only his ideas, it is clear from Zenchelsky's response that any ideas he claims are the result of joint and collaborative efforts, not his alone. Thus, the Court finds his response adequate, with the exception of the FRCP 33(d) requirements discussed above. Accordingly, Zenchelsky need only amend his response to provide specific bates numbers for any referenced documents.

Interrogatory No. 3

Interrogatory No. 3 states as follows: "IDENTIFY with particularity the content of each and every idea, whether reduced to tangible form or not, that YOU allege to have contributed to the '920

3

1  PATENT." Joint Letter, Ex. 1. Protego argues that Zenchelsky's response fails to identify any
2  particular idea in the '920 Patent. The Court disagrees. Zenchelsky's response references his
3  responses to Interrogatory Nos. 1-2, stating that they "form the basis of the subject matter of the '920
4  PATENT." *Id.* at Ex. 3. Thus, it is Zenchelsky's position that his ideas and the '920 patent are one
5  in the same. Given his position, the Court finds that his responses to Interrogatory Nos. 1-2 also
6  respond to Interrogatory No. 3. However, if necessary based on any other directive in this Order,
7  Zenchelsky shall amend his response to comply with the requirements discussed herein, such as
8  FRCP 33(d).

9  <u>Interrogatory No. 4</u>

10  Interrogatory No. 4 states as follows: "DESCRIBE in detail all facts supporting YOUR
11  contention that YOU conceived, designed, invented, developed, and/or created the IP that YOU
12  allege was taken, stolen and/or misappropriated by any or all of the COUNTERCLAIM
13  DEFENDANTS." Joint Letter, Ex. 1. Protego argues that Zenchelsky's response fails to provide a
14  detailed description as requested and, furthermore, the response refers obliquely to correspondence,
15  emails, conversations, and algorithms. Protego contends that Zenchelsky must identify these items
16  with sufficient particularity.

17  Although his response is in summary form, Zenchelsky references correspondence, emails,
18  conversations, and algorithms that provide more detailed information. The Court finds that his
19  response is sufficient, so long as the references comply with the requirements of FRCP 33(d).
20  Accordingly, Zenchelsky shall amend his response to provide specific bates numbers for any
21  referenced materials.

22  <u>Interrogatory No. 5</u>

23  Interrogatory No. 5 states as follows: "DESCRIBE in detail all facts supporting YOUR
24  contention that YOU conceived, designed, invented, developed, authored, and/or created the
25  inventions and/or ideas in the '920 PATENT." Joint Letter, Ex. 1. Zenchelsky's response states as
26  follows: "See Response to Interrogatory Nos. 1-4." Joint Letter, Ex. 3. Protego argues that a
27  sufficient response would at least identify the subset of facts from the four responses that

28

4

Zenchelsky alleges support his claim.  As in his response to Interrogatory No. 3, it is Zenchelsky's position that his ideas and the '920 patent are one in the same.  Given his position, the Court finds that his responses to Interrogatory Nos. 1-4 also respond to Interrogatory No. 5.  However, if necessary based on any other directive in this Order, Zenchelsky shall amend his response to comply with the requirements discussed herein, such as FRCP 33(d).

**IT IS SO ORDERED.**

Dated: July 5, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

5